### Hudson County Court of Common Pleas.

### HUGH TRAVERS, PETITIONER-APPELLANT, v. J. GAYNOR, RESPONDENT-APPELLEE.

**Decided October 22, 1946.**

For the petitioner-appellant, *Fred Friedman.*

For the respondent-appellee, *Harry E. Young.*

Drewen, C. P. J.   Petitioner is a farrier, sixty-one years of age.  He sustained an injury on January 30th, 1943, for which an award was made on August 28th, 1943, for six (6%) per cent. of total.  On May 25th, 1944, that award was increased by an additional five and one-half (5½%) per cent. "due to the fact that the injuries extended into the shoulder."  He now asks for a finding of further increase, with corresponding increase in the award.

The transcript leaves us completely uninformed of the nature of the accident.  All we learn from the petition for increase now before us is that "while working for respondent-appellee petitioner injured his left arm, shoulder and back."  Whether the accident was one that could account for the injury complained of, the record does not tell.  In petitioner's behalf it is said that he was kicked by a horse, but that is not petitioner's testimony.  In a question asked on his cross-examination, the accident is described as one in which "the horse shied while you were putting the shoe on * * * and struck your arm;" and to this petitioner assented.  That is all there is.

As with the details of the original accident, so also with the proofs and merits underlying the first increase, there is

a complete want of facts, for the transcript on this appeal contains nothing earlier than the present petition, which was filed July 13th, 1945. The above recitals of former happenings are taken by us from the deputy commissioner's order dismissing the petition.

As stated, the present claim is for a second increase, and is based upon the conclusional allegation that "although petitioner was awarded 5½ per cent. of total on May 25th, 1944, petitioner feels that his disability has greatly increased since that date." The respondent's answer is that petitioner "is not entitled to any further compensation because of any accident which arose out of or in the course of his employment with this respondent."

It is obvious that to find an increase we must first resolve a contrast as between a present and a former state of disability. Of what prior condition is the present condition an increase? From what degree of disability is a further increase to be measured? To such queries the transcript gives no answer. All we have from the petitioner himself is that "It is worse. It is getting no better." How or wherein it is worse he does not say except for a description of his presently claimed pain and impairment, and all of which he admits is identical with what he had to say about his condition at the time he was accorded the increase now in effect. For example: "I can't do anything with it. I could not shoe a horse; I could not take the shoe to the fire. I cannot hold horse's legs with it." All this, petitioner concedes, is a repetition of his former complaint.

Petitioner's medical experts are of no help. First there is Dr. Kummel. In dealing with percentage of increase he seems to have recognized a medico-legal conundrum and given it a Delphic answer. He said he "would be inclined" to give petitioner about twelve and one-half per cent. *of total.* He had said also that he estimated disability *of the arm* at fifteen per cent. Upon being reminded of this, and asked whether the twelve and one-half per cent. of total was intended to include the fifteen per cent. of the arm, or to be added to it, the doctor made the statement: "It is hard to give an exact estimate in this case, because of his general condition. I would say it would include whatever I gave him the last time."

This seems to us to have too much the aura of an exigent guess. What is "the general condition" of which the doctor thus disposes? From the proof it is fairly to be inferred that petitioner is suffering from a chronic progressive disease of such a nature as to account in whole or in part for the disability complained of. Of this disease and its effects the same Dr. Kummel says: "Petitioner now looks a great deal older than the given age of sixty-two. He seems to be generally more or less debilitated. He has considerable restriction of motion of the left shoulder as compared with the right. The right shoulder [never the subject of petitioner's claim], is not normal either. He has atrophy of the arm which is close to one-half inch. * * * He has considerable disability generally but basing it on the difference in the two extremities, I would be inclined to give him about twelve and one-half per cent. of total for the difference, as attributable to the accident." As already stated, the record tells us nothing about the accident. Dr. Kummel's diagnosis is peri-arthritis. We are constrained finally to ask how the doctor separated what he found in the left shoulder from petitioner's "considerable disability generally?" Taking his own word for it, we may conclude it was "hard" to do; yet how he did it he does not tell.

The differences in the findings of Dr. Kummel for petitioner and of Dr. Markens for respondent, that concern a pathological and non-related cause of disability, are in degree only. Dr. Markens says that petitioner has a "lot of disability from other causes, pre-existing conditions," that these other causes are arthritic, and that they have already resulted in "deformity of the spine and so on." This is not contradicted in the proofs before us. The medical testimony really raises no issuable dispute here. True, Dr. Kummel makes no categorical ascription of disability to "other causes" in just those words, as Dr. Markens does, but we certainly cannot ignore Dr. Kummel's finding of "considerable disability generally," nor his testimony that petitioner's right shoulder "is not normal either." No one suggests where the effects of disease end and those of injury begin, no one except Dr. Markens, who says he found no disability whatever as a result of accident. Upon what disability resulting from accident is

Dr. Kummel's percentage of *about* twelve and one-half per cent. based? From what degree to what degree of accident-related disability is it measured? Unless these things are to be supported by some ponderable factual evidence they can no longer be thought of as a subject of judicial determination but rather as conclusions arising from occult formulæ to which physicians alone have access as part of the expert's privilege. The provision of the statute that "the official conducting the hearing shall not be bound by the rules of evidence" does not dispense with the requirement for legal proof.

A written statement of Dr. Blakely, petitioner's attending physician, was stipulated into evidence. It reads: "I have examined Mr. Hugh Travers on May 27th, 1946, and find the condition of his left shoulder, arm and muscles of neck are much worse. He has a definite atrophy of his left shoulder cap; also atrophy of muscles of left upper arm, and left side of neck. He has considerable pain over entire left arm and left shoulder blade. I believe Mr. Travers has about 40% disability of his left shoulder and arm. He cannot return to his old work as a blacksmith again." How can we tell what Dr. Blakely means by saying that the condition is "much worse" when he gives no hint of a basis for the contrast? Again, much worse than what? Also, in view of what two other physicians say about petitioner's general pathological disability, it would have been well for Dr. Blakely to have considered the problem of relating the claimed increase to the accident; but of this he says not a word. The stipulation to take the doctor's testimony in the form of his written statement may have served the convenience of counsel, but it corrects no defects of proof.

If anything further be needed to justify the conclusion we reach it lies in the fact that the deputy commissioner on the present occasion, as well as at the hearing for the prior increase, had opportunity to observe petitioner. This is a circumstance which the deputy commissioner notes by way of justification in his order dismissing the petition below.

Petitioner's burden of proof in the establishment of increased disability is the same as that for the establishment of an award in the first instance. That burden has not been met and the petition is dismissed.